UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AKH 30 LLC, d/b/a RELAX INN,

    Plaintiff,

v.

ATEGRITY SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

Case No.

**DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION**

    COMES NOW, Defendant, Ategrity Specialty Insurance Company (hereinafter "Ategrity"), a foreign corporation, by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of removal of a civil action from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and alleges as follows:

    1.    On or about October 12, 2023, Plaintiff, AKH 30 LLC, d/b/a Relax Inn (incorrectly identified in the Complaint as AKH LLC, d/b/a Relax Inn), commenced a civil action against Defendant, Ategrity, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, where the matter is now

pending under Case Number 2023-CA-006310, and is captioned *AKH 30 LLC, d/b/a Relax Inn v. Ategrity Specialty Insurance Company* (the "State Court Action").

2. On October 19, 2023, Plaintiff served the Chief Financial Officer of the State of Florida ("CFO"), as the statutory service of process agent for Ategrity, with the Summons, Complaint, Civil Cover Sheet, Notice of Designation of E-mail Addresses Pursuant to Florida Rule of Judicial Administration 2.516, Plaintiff's Notice of Serving First Set of Interrogatories to Defendant, and Plaintiff's First Request for Production to Defendant.

3. On October 23, 2023, the CFO forwarded to Ategrity, via electronic delivery, the service documents attached hereto, namely the Complaint as **Exhibit "A"**, and the Notice of Service of Process, Summons, Civil Cover Sheet, Notice of Designation of E-mail Addresses Pursuant to Florida Rule of Judicial Administration 2.516, Plaintiff's Notice of Serving First Set of Interrogatories to Defendant, and Plaintiff's First Request for Production to Defendant, which are included in the remaining state court documents as **Composite Exhibit "D"**.

4. Pursuant to section 624.423(2), Florida Statutes, service of process upon an insurer is only valid and binding once it has been transmitted to the insurer by the CFO. *Home Life Ins. Co. v. Regueira*, 243 So. 2d 460 (Fla. 2nd DCA 1970). Thus, service of process on Ategrity was effective on October 23, 2023.

5. Ategrity has removed the case to this Court within 30 days of its receipt of service of process. 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, Ategrity's Notice of Removal of a Civil Action is timely filed.

6. Pursuant to the endorsement amending the Named Insured from "AHK, LLC" to "AKH 30 LLC", effective August 10, 2022, AKH 30 LLC, is and at all times pertinent hereto has been the Named Insured under the insurance policy, Policy No. 01-C-PK-P20039079-0, issued by Ategrity for the policy period from November 24, 2021 to November 24, 2022 (the "Policy"), which provides commercial property coverage for the premises located at 5290 Hwy 27, Frostproof, Florida 33843 (the "Property"), subject to the terms, limits, exclusions, definitions, deductibles, limitations, conditions, and sub-limits set forth within in the Policy. See the true and correct copy of the Policy incorporated in Ategrity's Answer and Affirmative Defenses, attached hereto as **Exhibit "B"**.

7. Plaintiff's citizenship is completely diverse from Defendant's. In the Complaint, Plaintiff states, "At all material times relevant to this Complaint, AKH

30 [sic] LLC, D/B/A Relax Inn has been and is a resident of POLK County, Florida." *See* Ex. "A", ¶ 3.  AKH 30 LLC is registered with the Florida Secretary of State, Division of Corporations, as a Florida Limited Liability Corporation with its current principal place of business in Lake Wales, Florida, and consists of one member, Hiteshbhai Patel, who is the only member in interest, and upon information and belief, is a citizen of the State of Florida.  AKH 30 LLC does business under the fictitious name, Relax Inn.  See the Electronic Articles of Organization for AKH 30 LLC, dated April 29, 2021, the 2023 Florida Limited Liability Company Annual Report of AKH 30 LLC, dated April 25, 2023, and the Application for Registration of Fictitious Name for Relax Inn by AKH 30 LLC, dated May 16, 2021, all as filed with the Florida Secretary of State, attached hereto as **Composite Exhibit "E"**.  Moreover, the Common Policy Declarations list the Mailing Address of the Named Insured as Frostproof, Florida.  *See* Ex. "B".  Accordingly, Plaintiff has its principal place of business in Florida and is a citizen of Florida for diversity jurisdiction purposes.

8.   Ategrity is, and at all times pertinent hereto, has been a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona.  Ategrity is eligible to transact insurance business in the State of Florida pursuant to the Florida Surplus Lines Law, § 626.913, Fla. Stat., et seq.  For purposes of diversity jurisdiction, Ategrity is

deemed to be a citizen of the State of Delaware or of the State of Arizona under 28 U.S.C. § 1332.  See the electronic records summary obtained from the Delaware Department of State, Division of Corporations Database, attached hereto as **Exhibit "F"**.

9. There is complete diversity of citizenship among the parties to the State Court Action.  At the time of the commencement of the State Court Action and since that time, Plaintiff was and is a citizen of the State of Florida.  The sole Defendant, Ategrity, was and is not a citizen of the State of Florida.

10. Further, the amount in controversy, including damages allegedly owed by the sole Defendant, exclusive of interest, attorney fees, and costs, exceeds the sum of $75,000.00.

11. In the Complaint, Plaintiff asserts one count for breach of the Policy. Plaintiff alleges that "[o]n or about September 27, 2022, the Plaintiff's Property sustained direct physical loss caused by Hurricane Ian and/or ensuing losses (hereinafter, the 'Loss')," and that "Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered Loss sustained.  Defendant's failure to timely and promptly pay all amounts owning under the Policy is a breach of the insurance contract."  Plaintiff seeks damages with interest, costs, attorney fees, and legal assistant fees. *See* Ex. "A", ¶¶ 8, 29, and the prayer for relief of Count I of the Complaint.

12.     Plaintiff's allegations in the State Court Action are denied in their entirety, except for those facts further discussed that are necessary to the removal of this action.

13.     Plaintiff reported a claim to Ategrity for benefits under the Policy for damages allegedly sustained to the Property because of Hurricane Ian on or about September 27, 2022 (the "Subject Loss").  Plaintiff's public adjuster, ClaimsPro USA (the "PA"), provided Ategrity with an estimate prepared by Coast Too Coast Construction in the total amount of $466,776.89 at replacement cost value (RCV), including $462,621.25 for building damages and $4,155.64 for contents damages related to the Subject Loss (the "Insured's Estimate").  The Insured's Estimate is attached hereto as **Exhibit "G"**.

14.     On January 27, 2023, the PA provided Ategrity with the Sworn Statement in Proof of Loss signed by Plaintiff, in the total amount of $464,276.89 for building and contents damages, reflecting the amounts from the Insured's Estimate less the policy deductible, which is attached hereto as **Exhibit "H"**.

15.     During Ategrity's investigation of the Subject Loss, Ategrity's independent adjuster, Custard Insurance Adjusters (the "IA"), prepared an estimate in the total amount of $23,386.41 RCV / $19,658.58 ACV, and on February 2, 2023, Ategrity issued an undisputed payment in the net amount of $3,658.58.

6

16. Ategrity thereafter retained Grindley Williams Engineering for additional review of the Subject Loss. Based on the engineer's findings, Ategrity determined there were no covered damages at the Property as defined by the Policy, and as the damage Ategrity previously paid for was not covered under the Policy, there had been overpayment for the claim. Ategrity denied coverage to the Plaintiff for its claim and did not pay further benefits to the Plaintiff, but Ategrity did not pursue recovery of the prior issued payment.

17. On September 13, 2023, Plaintiff's counsel filed a Property Insurance Notice of Intent to Initiate Litigation, bearing filing number 142194 (the "Notice"), with the Florida Department of Financial Services on Plaintiff's behalf regarding this claim. The Notice states a pre-suit settlement demand of $481,777.00, consisting of $466,777.00 in damages and $15,000.00 in attorney fees, and a disputed amount of $479,277.00, following alleged acts or omissions by the insurer other than a denial of coverage. The Notice is attached hereto as **Exhibit "I"**. Accompanying the Notice on September 13, 2023, Plaintiff's counsel again provided the Insured's Estimate of $466,776.89 RCV.

18. Therefore, the total amount of damages in dispute between the parties, exclusive of interest, attorney fees, and costs, is approximately $442,962.67 for building damages, the amount sought by Plaintiff for alleged damage to the Property from Hurricane Ian, less the Policy's prior payment and deductible.

19. This Court has original jurisdiction over this action, pursuant to the provisions of 28 U.S.C. § 1332(a) and (c), because the citizenships of the sole Plaintiff and the sole Defendant are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney fees, and costs.

20. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The United States District Court for the Middle District of Florida embraces Polk County, Florida, the place where the State Court Action is pending. Because this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all other process, pleadings, motions, and orders of the State Court Action currently on file in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, are attached hereto, namely the Docket Sheet as **Exhibit "C"**, and all remaining state court documents, inclusive of the Order Establishing Civil Case Management - General, and the earlier named service documents, as **Composite Exhibit "D"**.

22. On this date, Ategrity filed its Notice of Filing Notice of Removal, Certification of Notice of Removal, and Notice to Counsel of Removal of a Civil Action with the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, copies of which are attached hereto as **Composite Exhibit "J"**.

WHEREFORE, Defendant, Ategrity Specialty Insurance Company, prays that the above-styled action be removed from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: November 22, 2023.

Respectfully submitted,

PHELPS DUNBAR LLP

*/s/ Patricia A. McLean*
Patricia A. McLean, Esq.
Fla. Bar No. 129143
Email: patricia.mclean@phelps.com
Amber N. Razzano, Esq.
Fla. Bar No. 1026019
Email: amber.razzano@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
*Attorneys for Defendant, Ategrity Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by e-mail to all parties on the Service List below.

*/s/ Patricia A. McLean*
Attorney

**SERVICE LIST**

Brandon J. Tomlinson, Esq.
**THE TOMLINSON LAW GROUP, P.A.**
7301 Wiles Road, Suite 107
Coral Springs, Florida 33067
eservice@tlawgrp.com
btomlinson@tlawgrp.com
staylor@tlawgrp.com
office@noclientsleftbehind.com
*Attorney for Plaintiff, AKH 30 LLC, d/b/a Relax Inn*